UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CR 19-2619 MV

JOHN GALLEGOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the United States' Motion to Correct Error. Doc. 45. Mr. Gallegos did not file a response. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the Motion is well-taken and will be granted.

## DISCUSSION

Mr. Gallegos plead guilty to Counts 1 and 2 of a two-count Information charging him with Bank Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1344(2) and 2, and Engaging in a Monetary Transaction in Property Derived from Specific Unlawful Activity and Aiding and Abetting, in violation of 18 U.S.C. §§ 1957 and 2. Mr. Gallegos recruited and directed five individuals, including Nicholas Conant and Tomas David Placencia, to purchase luxury vehicles, jewelry, and goods through fraudulent applications for vehicle financing and lines of credit. Mr. Conant and Mr. Placencia were charged under separate indictments. *See United States v. Conant,* No. 18-CR-1422 MV, *United States v. Placencia,* No. 18-CR-3161 MV. At Mr. Placencia's sentencing, the Court ordered restitution for the actual loss to the victim, Woodside Credit, in the amount of $105,528.01. At Mr. Gallegos's sentencing, the Court ordered Mr. Gallegos to pay

1

restitution for the *intended* loss to the victim, Woodside Credit, in the amount of $162,976.25. Doc. 36 at 8. The judgment in Mr. Gallegos's case states that Mr. Gallegos is liable for the $162,976.25 jointly and severally with Mr. Placencia. *Id.* However, per his sentencing, Mr. Placencia is only liable for $105,528.01. Furthermore, at Mr. Conant's sentencing, the Court ordered Mr. Conant to pay the victim, Nusenda, half of the total loss of $58,363.18, or $29,181.59. However, the judgment in Mr. Gallegos's case states that Mr. Gallegos is jointly and severally liable with Mr. Conant for the total amount of $58,363.18. Doc. 36 at 8.

Although not raised in the government's Motion, the Court also notes that Mr. Conant was ordered to pay $25,410.75, half of the total loss, to Allied Solutions. Mr. Conant was also ordered to pay $41,132.68, half of the total loss, to Santander Consumer. However, the judgment in Mr. Gallegos's case states that "the defendant will make restitution jointly and severally with N. Conant in the amount of $58,363.18 to Nusenda; in the amount of $50,821.50 to Allied Solutions and in the amount of $82,265.36 to Santander Consumer." Doc. 36 at 8. The above language could be interpreted to mean that the Court only intended Mr. Gallegos and Mr. Conant to be jointly and severally liable only for the $58,363.18 to Nusenda. This reading would result in a windfall to Allied Solutions and Santander Consumer who would receive the sum of Mr. Gallegos's and Mr. Conant's restitution, which would equal a sum 1.5 times higher than the actual or intended loss that the victims suffered. Further, if the language were read to mean that Mr. Gallegos and Mr. Conant are jointly and severally liable to Nusenda, Allied Solutions, and Santander Consumer for the total loss, then the judgment would be inconsistent with the judgment in Mr. Conant's case where he was only ordered to pay half the loss to the victims.

Pursuant to Fed. R. Crim. P. 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in judgment, order, or other part of the record, or

correct an error in the record arising from oversight or omission." In order to make the judgments in Mr. Gallegos's, Mr. Conant's, and Mr. Placencia's cases consistent, and to prevent a windfall to Allied Solutions and Santander Consumer, the Court must amend the judgment in Mr. Gallegos's case to state as follows: Mr. Gallegos is liable for the total amount of $162,976.25 in restitution to Woodside Credit, but he and Mr. Placencia are jointly and severally liable for $105,528.01 of that amount. Mr. Gallegos is liable for the total amount of $58,363.18 in restitution to Nusenda, but he and Mr. Conant are jointly and severally liable for $29,181.59 of that amount. Mr. Gallegos is liable for the total amount of $50,821.50 in restitution to Allied Solutions, but he and Mr. Conant are jointly and severally liable for $25,410.75 of that amount. Mr. Gallegos is liable for the total amount of $82,265.36 in restitution to Santander Consumer, but he and Mr. Conant are jointly and severally liable for $41,132.68 of that amount.

**IT IS SO ORDERED** that the United States' Motion to Correct Judgment [Doc. 45].

**IT IS FURTHER ORDERED** that the judgment in Mr. Gallegos's case will be amended consistent with this Memorandum Opinion and Order.

ENTERED this 3rd day of March, 2025.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE